## A01A1319. HARRISON v. THE STATE.
### (553 SE2d 343)

BARNES, Judge.

Quincy Harrison appeals from his armed robbery, hijacking a motor vehicle, kidnapping, and aggravated assault convictions, contending the trial court erred by (1) ruling the defendant lost the right to open and conclude closing arguments by introducing evidence in the State's case; and (2) allowing the State to ask a witness about the defendant's contact with the victim before trial. For reasons that follow, we affirm.

1. In his first enumeration of error, Harrison contends he was harmed by the trial court's ruling that he lost the right to open and conclude closing arguments.

OCGA § 17-8-71 provides: "After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." In *Smith v. State*, 272 Ga. 874, 878 (3) (536 SE2d 514) (2000), the Supreme Court established the following standards to determine whether a defendant has introduced evidence during cross-examination of a state witness:

(1) If, under the guise of cross-examination, a defendant reads from the portions of a prior written statement of a witness that are not related to impeaching the witness, the defendant has effectively introduced evidence to the jury that should have been formally offered into evidence and the

defendant therefore loses the right to open and close final arguments; (2) if a defendant reads only the portions of the prior written statement of a witness that are relevant to impeaching the witness, the defendant has not introduced evidence and does not lose the right to open and close; and (3) if a defendant, in impeaching a witness with a prior inconsistent statement, voluntarily introduces the statement into evidence in order to make it a part of the record, the defendant has introduced evidence and has lost the right to open and close final arguments.

This case falls within category (1) above, because the police officer was asked to read portions of the defendant's statement that were not related to impeaching the officer's recollection about what Harrison said about his involvement in removing stereo equipment from the victim's car. Specifically, at Harrison's request, the officer read portions of the statement that related to where the victim's car was driven and instructions given to Harrison about where to drive. As a result, the trial court did not err by ruling that Harrison lost his right to open and conclude closing argument because he introduced evidence during the State's case.

2. In his remaining enumeration of error, Harrison contends the trial court erred by allowing the State to question his accomplice, who pled guilty, about contact between Harrison and the victim before trial. The record shows the accomplice testified, without objection, that Harrison told him "go to trial, the victim ain't coming to court. . . ." Harrison's counsel then objected to this follow-up question on the grounds that it was highly prejudicial: "Did he indicate to you if he or any of his associates had attempted to contact or influence the —." In a bench conference, the State provided the following basis for asking the question: "Well, Judge, . . . we were all surprised by the victim's . . . somewhat reluctance to testify. He really softened his testimony. . . . In fact, . . . the night before last when I spoke with the victim he told me that an associate of this defendant who I know through other avenues had communicated to him that he better not testify." The trial court then overruled the objection and allowed the State to ask the accomplice (1) whether Harrison told him he had had contact with the victim about his testimony; and (2) whether the accomplice had contacted the victim about his testimony. The accomplice testified that Harrison did not tell him how he knew the victim would not testify and also denied any personal contact with the victim.

We find no error. "[E]vidence of an attempt to influence the testimony of a witness is always admissible." *Winn v. State*, 272 Ga. 482, 484 (2) (531 SE2d 717) (2000). In this case, the State had a reason-

able basis to ask the question. See id. Harrison's argument on appeal, in essence, is that the accomplice's negative response to the question means that it should never have been asked. This is not the proper way to analyze whether the trial court should have allowed the question in the first instance.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 1, 2001 —
RECONSIDERATION DENIED AUGUST 21, 2001 —

*Jarrard & Walker, Lucy K. Henry*, for appellant.
*Lydia J. Sartain, District Attorney*, for appellee.