# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0585.  QUINCY K. HARRISON v. THE STATE.**

In November 2000, Quincy Harrison was convicted of armed robbery, hijacking a motor vehicle, kidnapping, and aggravated assault. We affirmed his convictions on appeal.  See *Harrison v. State*, 251 Ga. App. 302 (553 SE2d 343) (2001).  In February 2016, Harrison filed a motion to correct and/or vacate his sentence.  On March 2, 2016, the trial court dismissed Harrison's motion because he failed to serve the state.[1]  Harrison filed a notice of appeal on April 4, 2016. However, we lack jurisdiction for two reasons.

First, Harrison's notice of appeal is untimely from the trial court's order of March 2, 2016.  A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Harrison's notice of appeal was filed 33 days after entry of the trial court order he seeks to appeal.

Second, even if Harrison's notice of appeal had been filed timely, we would nonetheless lack jurisdiction. Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically

---

[1] On March 16, 2016, Harrison filed a motion to reinstate his earlier motion, having cured the service defect.  Before the trial court ruled, he filed his notice of appeal.  In an order dated May 11, 2016, the trial court reinstated Harrison's motion and denied it, but an amended notice of appeal has not been filed.

because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). In Harrison's motion, he argues that the facts require merger of his convictions and concurrent sentences and, thus, his consecutive sentences are illegal and violate the prohibition against double jeopardy. An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Harrison's merger argument, however, is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).

In sum, Harrison's notice of appeal is untimely. Even if it were timely, however, Harrison has not raised a valid void-sentence claim. Accordingly, we lack jurisdiction to consider his appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  12/12/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*