A01A1117. ANDERSON v. THE STATE.
(554 SE2d 811)

PHIPPS, Judge.

Tony Curtis Anderson, pro se, appeals the trial court's order dismissing his motion to have his life sentence vacated and to be resentenced on the ground that the sentence was imposed without a presentence hearing. Because the term of court had expired and Anderson failed to present a ground to the trial court that his sentence was void, the trial court's refusal to entertain Anderson's motion was proper. Additional claims of error in Anderson's appellate reply and supplemental briefs are not properly before us. We therefore affirm.

In September 1980, Anderson was convicted of rape, kidnapping,

---

and armed robbery. He received sentences of imprisonment for life, ten years, and twenty years, respectively. After his motion for new trial was denied, this court affirmed his conviction on February 2, 1984.[1] In June 1990, Anderson filed a pro se motion to have his life sentence declared void, which the trial court denied in July 1990. On October 24, 2000, Anderson filed a pro se "motion to conduct a presentence hearing as required under O.C.G.A. § 17-10-2 (a)," wherein he alleged that the sentencing court had failed to conduct a presentence hearing. He also claimed his trial lawyer had rendered ineffective assistance of counsel by not seeking a hearing. The trial court dismissed the motion, determining that it did not have jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered unless the sentence was void and that any alleged failure to conduct a presentence hearing would not have voided Anderson's life sentence, citing *Williams v. State.*[2] This ruling, which Anderson appeals here, was correct. Moreover, the record shows that a presentence hearing was conducted.

Finally, in reply and supplemental briefs to this court, Anderson attempts to expand his enumeration of errors by making claims not involving entitlement to a presentence hearing. An appealing party may not use his brief to expand his enumeration of errors by arguing the incorrectness of a trial court's ruling not mentioned in the enumeration.[3] "[A]ppellate review cannot be enlarged or transformed through switching, shifting, or mending one's hold."[4] "This court's function is to review errors of the lower courts, not to review assertions made by appellant and brought directly to this court."[5]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 9, 2001.

Tony C. Anderson, *pro se.*

Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Shawn D. McAllister, Assistant District Attorneys, for appellee.

---

[1] *Anderson v. State*, 169 Ga. App. 729 (314 SE2d 735) (1984).

[2] 271 Ga. 686, 689-691 (2) (523 SE2d 857) (1999).

[3] *Felix v. State*, 271 Ga. 534, 539, fn. 6 (523 SE2d 1) (1999); *Gunsby v. State*, 248 Ga. App. 18, 22 (3) (545 SE2d 56) (2001).

[4] *Williams v. State*, 208 Ga. App. 153, 154 (1) (430 SE2d 42) (1993).

[5] (Punctuation and footnote omitted.) *Daniels v. State*, 244 Ga. App. 522, 523-524 (536 SE2d 206) (2000).