A05A0753. HUGHES v. THE STATE.
(615 SE2d 819)

BARNES, Judge.

Jeffrey S. Hughes, pro se, appeals the trial court's denial of his motion to vacate a void sentence. This appeal follows this court's affirmance of Hughes's conviction, after a bench trial, for robbery by sudden snatching. See *Hughes v. State*, 266 Ga. App. 652 (598 SE2d 43) (2004).[1]

In this appeal, Hughes contends the trial court erred by denying his motion because the trial court imposed an illegal sentence through improperly sentencing him as a recidivist, imposing a sentence for which he was neither indicted nor put before a jury, denying him of his right to parole, and depriving him of notice, a jury trial, and the heightened standard of proof with respect to facts warranting exposure to a greater penalty. He also alleges that he received ineffective assistance of counsel. Because Hughes is not entitled to a direct appeal for the reasons stated below, we must dismiss his appeal.

The denial of a motion to correct a void sentence is directly appealable, *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999), and "[a] sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Nevertheless,

---

[1] In his first appeal, Hughes challenged the sufficiency of the evidence and the constitutionality of OCGA § 16-8-40 (a) (3), and he also asserted that his counsel was ineffective. This court decided against him on all grounds.

[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification. We take this opportunity to clarify that the direct appeal authorized by *Williams* is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations. See *Saleem v. Forrester*, 262 Ga. 693 (424 SE2d 623) (1993). See also *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004), where we held a defendant whose conviction had been affirmed on direct appeal was not entitled to file a direct appeal from the denial of a post-conviction motion contending the judgment of conviction was voidable.

*Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004).

Therefore, as Hughes does not actually assert that his sentence was not one that the law allows, but only takes issue with the procedure employed in imposing the sentence or questions the fairness of the sentence imposed, his complaints are not subject to direct appeal because he is not challenging rulings on whether the sentence is void. *Jones v. State*, supra, 278 Ga. at 670-671.

Therefore, the trial court did not err by denying Hughes's motion to vacate his sentence. Further, because he does not contend that his sentence was void within the meaning of *Jones v. State*, supra, 278 Ga. at 670-671, Hughes is not entitled to appeal directly from the trial court's ruling. *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005). See *Dalton v. State*, 273 Ga. App. 404 (615 SE2d 202) (2005).

Accordingly, this appeal must be dismissed. *Jones v. State*, supra, 278 Ga. at 670-671; *Reynolds v. State*, supra, 272 Ga. App. at 95 (3).

*Appeal dismissed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 16, 2005.

Jeffrey S. Hughes, *pro se.*
Patrick H. Head, District Attorney, Amy H. McChesney, H. Maddox Kilgore, Assistant District Attorneys, for appellee.