A08A2282. REED v. THE STATE.
(674 SE2d 406)

BARNES, Judge.

Proceeding pro se, Willie James Reed appeals from the order of the Superior Court of Clayton County denying his "Petition for Vacation of Sentence." Reed contends that his sentence for selling marijuana exceeded the statutory maximum "by way of a plea that was not knowingly, voluntarily nor intelligently made." Upon review, we affirm.

In January 1984, Reed was accused of unlawfully selling marijuana and, following a guilty plea, sentenced to five years to serve

three in confinement. On September 26, 2007, Reed filed a "Petition for Vacation of Sentence" in which he contended that the trial court erred because it sentenced him to a felony sentence after he was charged with a misdemeanor offense. The trial court denied the motion. It noted that Reed had filed the same petition in December 2005, that there was a hearing on the petition scheduled for January 27, 2006, but that there was no order in the record reflecting the outcome.

Although Reed argued below that his sentence was void because he received a felony sentence on a misdemeanor conviction which resulted in an enhanced federal sentence on a later conviction, he does not argue that issue on appeal. In his sole enumeration of appeal, Reed argues that his plea was not knowingly, voluntarily, or intelligently made.

1. On appeal from the denial of a motion to vacate a void sentence, an appellate court will not consider issues that go to the validity of the defendant's conviction, but only those which go to the validity of his sentence. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Because Reed filed his motion after the end of the term of court in which the judgment was entered, we will not consider any alleged errors which go only to the validity of the conviction. Id.

The proper method for challenging the validity of a guilty plea and resulting sentence after the term of court ends is through habeas corpus proceedings. *Gipson v. State*, 269 Ga. 26 (494 SE2d 669) (1998) (guilty plea must be challenged through habeas corpus).

2. Regarding Reed's sentence for the sale of marijuana conviction, in general, a motion to vacate a sentence is not an appropriate remedy in a criminal case after the term in which the judgment was entered has passed. *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). An exception exists where the court has imposed punishment which the law does not allow thereby making the sentence void. Id.

In this case, however, Reed's sentence is lawful. See OCGA § 16-13-30 (j) (1), (2) (sale of marijuana a felony and, upon conviction imprisonment for not less than one year nor more than ten years).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 2, 2009.

Willie J. Reed, *pro se.*

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.