## A11A0603. COLSON v. THE STATE.
### (712 SE2d 520)

SMITH, Presiding Judge.

Lee Otis Colson appeals pro se from the trial court's order dismissing his "motion to vacate/correct a void sentence." We affirm because Colson has failed to assert any colorable claim that his sentence was void.

A Wilcox County grand jury indicted Colson for the crime of escape. On December 14, 1998, Colson entered a guilty plea and was sentenced to ten years, five to be served concurrently with any other sentence he was serving, and five to be served consecutively to any such sentence. In 2003, he moved to modify his sentence, contending that the five years to be served consecutively constituted a void sentence and should be vacated. That motion was denied for lack of jurisdiction. In 2010, he filed the subject motion, again asserting that his sentence is void and seeking a declaration that it should have run concurrently with his previous conviction from December of 1998.[1]

The trial court treated Colson's motion as a motion to vacate a void judgment and dismissed it pursuant to *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009). But, as *Harper* acknowledges, id. at 217 n. 1, a void *sentence* may be attacked at any time. See *Williams v. State*, 271 Ga. 686, 688 (1) (523 SE2d 857) (1999). The dismissal, however, was nevertheless correct because the trial court had no jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered, unless the sentence was void. *Anderson v. State*, 251 Ga. App. 785, 786 (554 SE2d 811) (2001). Here, Colson's sentence is not void.

> [A] sentence is void if the court imposes punishment that the law does not allow. Nevertheless, when the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the

---

[1] Colson also filed an appeal from the denial of his motion to vacate the sentence in his prior conviction as void. That denial was affirmed in *Colson v. State*, 283 Ga. App. XXV (Case No. A06A2500, decided February 2, 2007), where we observed that his life sentence as a recidivist was within the statutory guidelines and declined to review it.

sentence is void, i.e., how it imposes punishment the law does not allow.

(Citations and punctuation omitted.) *Hughes v. State*, 273 Ga. App. 705, 705-706 (615 SE2d 819) (2005). Colson's sentence was within the statutory range of punishment permitted by OCGA § 16-10-52 (b) (1) ("[a] person who, having been convicted of a felony, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years.").

Colson complains that the trial court's sentence was void because it imposed a split sentence: five years to be served concurrently with any sentence he was now serving, and five to be served consecutively to any sentence he was now serving. He contends that OCGA § 17-10-10 provides for a sentence to be concurrent or consecutive, but not both, and from this he argues that his sentence is not one which the law allows and is therefore void. But the Code section does not say what Colson contends it says.

OCGA § 17-10-10 (b) provides: "Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, the sentences shall be served concurrently, one with the other, *unless otherwise expressly provided therein.*" (Emphasis supplied.) Here, the sentence expressly provides for both a concurrent and a consecutive portion of the term to be served. Moreover,

> [t]he (b) section of Code Ann. § 27-2510 [now OCGA § 17-10-10] properly is to be construed as being applicable to groups of offenses committed in a single crime spree, where convictions for such offenses have been obtained in separate courts or terms of court. That section does not constitute a limitation upon the discretion of the trial court, derived from the common law, to set sentences imposed as a result of convictions for a new group of offenses that are separate and distinct from previous sentences to commence at the termination of all sentences previously imposed.

(Citation omitted.) *Amerson v. Zant*, 243 Ga. 509, 510 (255 SE2d 34) (1979). Colson's sentence therefore is not void and is not subject to post-appeal modification outside of the provisions of OCGA § 17-10-1 (f). *Hughes*, supra, 273 Ga. App. at 706.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JUNE 2, 2011 —
RECONSIDERATION DENIED JUNE 22, 2011 —

Lee O. Colson, *pro se*.

*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.