## A11A1389. WARD v. THE STATE.
(714 SE2d 731)

McFADDEN, Judge.

Kentral Ward appeals from the trial court's order dismissing his out-of-time motion to withdraw his guilty plea. Because the trial court properly found that it lacked jurisdiction to consider the motion, we affirm.

On October 14, 2009, Ward pled guilty in Rockdale County Superior Court to one count of armed robbery. He was sentenced as a recidivist to fourteen years in confinement, followed by six years on probation. Over one year later, on October 26, 2010, he filed an "Extraordinary Motion to Withdraw Guilty Plea," claiming that he did not knowingly and voluntarily plead guilty and that the underlying indictment was flawed. The trial court dismissed the motion for lack of jurisdiction. We find no error.

"[I]t is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea." *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008). After the term of court has expired, a defendant's only means for withdrawing a guilty plea is through habeas corpus proceedings. See id. at 376, n. 1; *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998). Ward pled guilty and was sentenced during Rockdale County's October 2009 term of court. A new term of court began on the first Monday of January 2010. See OCGA § 15-6-3 (32.1). Clearly, therefore, Ward filed his October 26, 2010 motion outside the term of court in which he was sentenced.

On appeal, Ward suggests that his sentence is void and thus challengeable at any time. See *Colson v. State*, 310 Ga. App. 221 (712 SE2d 520) (2011). His argument, however, does not raise a proper void sentence claim. As we recently explained, "[a] sentence is void if the court imposes punishment that the law does not allow." Id. Ward contends that his sentence is void because he involuntarily entered his guilty plea after the State "misinformed [him] about one of the critical elements of the charge against him." Such argument

relates to the validity of his conviction, not his sentence, and thus cannot support a void sentence claim. See *Reed v. State*, 296 Ga. App. 366, 367 (1) (674 SE2d 406) (2009); *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). Moreover, Ward's 20-year sentence falls within the statutory limits. See OCGA § 16-8-41 (b). The sentence, therefore, is not void. *Colson*, supra ("[W]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void.").

The trial court lacked jurisdiction to consider Ward's out-of-time motion to withdraw his guilty plea. Accordingly, it properly dismissed the motion. See *Smith*, supra; *Colson*, supra.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 14, 2011 — ▮▮▮▮▮▮▮▮

Kentral Ward, *pro se.*

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.