## A11A1643. ROGERS v. THE STATE.
(724 SE2d 417)

ADAMS, Judge.

Curtis Rogers pled guilty pursuant to a negotiated plea to 91 counts of making unauthorized offers to sell recorded material in violation of OCGA § 16-8-60 (b) under Indictment No. 09-CR-284. At the same time, Rogers entered guilty pleas to Indictment Nos. 09-CR-285 (75 counts) and 10-CR-696 (144 counts) involving violations of the same statute. He was sentenced to a total of thirty years, with ten to serve and the remainder on probation.[1] Rogers appeals from the trial court's denial of his "Motion to Modify Sentence" in connection with the charges on the 91-count indictment.

---

[1] The statute provides for progressively higher fines and punishments for multiple convictions. A one- to two-year sentence is imposed for the first conviction; a one- to three-year sentence is imposed for a second conviction (with a minimum of 48 hours to serve); and a two- to five-year sentence is imposed for a third or subsequent conviction (with a minimum of six days to serve). OCGA § 16-8-60 (d).

The charges in this case arose out of Rogers's arrest on August 15, 2008 at an exit off Interstate 75 in Bartow County. The evidence showed that Rogers advertised over citizens band radio that he was selling videos of the latest releases and billed himself as the "Movie Man." When someone responded to his ad, Rogers would arrange a meeting. Rogers was arrested as he sat in a white van parked near two truck stops after a number of men were observed entering and leaving the van. A subsequent search of the van revealed a large black CD case, which was "bulging" with black plastic cases containing DVDRs and CDs with titles handwritten with a Sharpie, in addition to other loose DVDRs and CDs. An expert identified the DVDRs' recordings as counterfeit.[2] The first 66 counts of the 91-count indictment concern the DVDRs, and each count is identical except for the name of the movie and the number of copies of that particular title. Counts 67-91 concern the CDs discovered in the van, and each of these counts is identical except for the title or description of the CD.

As his sole enumeration, Rogers argues that the counts should have merged for sentencing because they constituted a single course of conduct and thus were not separately punishable. Although this argument appears to be well taken, we are constrained to dismiss Rogers's appeal pursuant to the Supreme Court of Georgia's decision in *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010), which held that a claim that a defendant's convictions merged under OCGA § 16-1-7 (a) is a claim challenging a conviction and not a claim that the resulting sentence is void. OCGA § 16-1-7 (a) provides:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

In this instance, Rogers is contending that he should not have been sentenced based upon each individual CD or DVDR, but rather should have been sentenced based upon his course of conduct in collectively offering the items for sale. Pretermitting whether this argument fits precisely under OCGA § 16-1-7 (a), if we accept Rogers's argument, we would be holding that the statute was drafted to outlaw a course of conduct in offering for sale rather than to

---

[2] Rogers entered his plea mid-way through his trial after several witnesses had testified.

outlaw each individual offer. Thus, we would be holding that Rogers could not be convicted and subsequently sentenced for each individual offer. Accordingly, Rogers's argument is a challenge to his convictions. Certainly, his argument is not in the nature of a challenge to a void sentence, which "presupposes that the trial court was authorized to [convict and] sentence the defendant but the sentence imposed was not allowed by law." *Williams v. State*, 287 Ga. at 193. Accordingly, as the *Williams* opinion notes, a motion to correct or modify an illegal sentence is not an appropriate remedy to attack a conviction in a criminal case. Id. at 194.

Rogers has not properly challenged his convictions. We cannot treat Rogers's motion as one to withdraw his guilty plea or as a motion in arrest of judgment because the motion would be untimely. "[I]t is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea." (Citations omitted.) *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008). And "[a] motion in arrest of judgment [also] must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b); *Johnson v. State*, 298 Ga. App. 639, 645 (4) (a) (680 SE2d 675) (2009). The Bartow County Superior Court entered judgment on Rogers's guilty plea on May 19, 2010 during that court's April term, and he filed his Motion to Modify Sentence in December 2010 during the court's October term. OCGA § 15-6-3 (9) (A).

Rogers's only recourse, therefore, is through habeas corpus proceedings. See *Smith v. State*, 283 Ga. at 376, n. 1; *McGruder v. State*, 307 Ga. App. 379, 380 (2) (705 SE2d 175) (2010).

*Appeal dismissed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 28, 2012.

*Christopher G. Paul, Ashleigh B. Merchant*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.