**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 15, 2012**

# In the Court of Appeals of Georgia

A12A0003. LABREW v. THE STATE.

PHIPPS, Presiding Judge.

Ricky LaBrew appeals the denial of his motion for an out-of-time appeal, raising claims of error pertaining to sentencing. For reasons that follow, we affirm.

LaBrew's judgment of conviction and sentence stemmed from his pleading guilty to 56 counts of sexual exploitation of children.[1] In so pleading, LaBrew expressly acknowledged that each count carried a five-to-twenty-year sentence of imprisonment;[2] additionally, he acknowledged that the trial judge was authorized to determine what punishment fit his crimes and that the judge was not bound by any

---

[1] OCGA § 16-12-100 (b).

[2] OCGA § 16-12-100 (g) (1) (any person who violates OCGA § 16-12-100 (b) "shall be punished by imprisonment for not less than five nor more than 20 years").

recommendation by either the state or the defense. After accepting LaBrew's guilty pleas, the court sentenced him in the aggregate to serve 30 years in confinement. Sixty days later, LaBrew filed a notice of appeal; the resulting direct appeal was dismissed for lack of jurisdiction.[3]

LaBrew then sought from the trial court an out-of-time appeal. In his motion, he recounted what had occurred during the 60 days after entry of the judgment: LaBrew had filed what was captioned a "Motion for Reconsideration," which post-conviction motion asserted that his punishment was too harsh, asked that his sentences be modified and reduced, and requested a hearing thereon. The state had then opposed the "Motion for Reconsideration," countering that no such change was warranted, but claiming entitlement to a hearing pursuant to OCGA § 17-10-1 (f) prior to the entry of any order modifying or reducing a sentence. And thereafter, the trial court had denied LaBrew's motion without a hearing.

Having set forth that procedural background, LaBrew gave two "grounds" for granting his motion for an out-of-time appeal:

---

[3] OCGA § 5-6-38 (a) (a notice of appeal must be filed within 30 days after entry of appealable decision or judgment complained of); see *Cody v. State*, 277 Ga. 553 (592 SE2d 419) (2004) (the proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court).

that the Defendant was denied a hearing for the Motion for Reconsideration which was recognized by the State as a Motion for Modification of Sentence pursuant to OCGA § 17-10-1 (f); and that the Defendant's counsel was ineffective by not entitling the Motion for Reconsideration as a Motion for Modification of Sentence.

In its order thoroughly addressing the foregoing "grounds," the trial court denied LaBrew's motion for an out-of-time appeal. We review a trial court's denial of a motion for out-of-time appeal for an abuse of discretion.[4]

> It is well established that a criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.[5]

---

[4] *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012).

[5] Id. (citations and punctuation omitted).

Moreover, where, as here, the "issue raised by a defendant in a motion for out-of-time appeal can be resolved against him based upon the existing record, there is no error in denying the motion."[6]

1. The trial court did not err in rejecting LaBrew's ground concerning entitlement to a hearing pursuant to OCGA § 17-10-1 (f). Even construing, for the sake of argument, LaBrew's motion captioned "Motion for Reconsideration" as a motion pursuant to OCGA § 17-10-1 (f), LaBrew has failed to show that he was entitled to a hearing thereon. That Code provision states, in pertinent part:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. Prior to entering *any order correcting, reducing, or modifying any sentence*, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void.

---

[6] Id. at 321 (2) (citation omitted); see *Gibson v. State*, 290 Ga. 516 (1) (722 SE2d 741) (2012) (convicted after pleading guilty, appellant challenging denial of his motion for out-of-time appeal could not prevail based on "allegations that [could] be resolved against him based on facts in the record"); *Golden v. State*, 299 Ga. App. 407 (683 SE2d 618) (2009).

4

Here, the trial court entered no order "correcting, reducing, or modifying any sentence" imposed upon LaBrew. As the trial court explained in its order denying LaBrew's motion for an out-of-time appeal, the aggregate "thirty year period of incarceration imposed was within the law's statutory parameters, and did not need to be corrected."[7]

Consequently, LaBrew's reliance upon OCGA § 17-10-1 (f) as providing for an out-of-time appeal is misplaced.

2. It follows then that LaBrew's second ground – that his counsel was ineffective by not entitling the Motion for Reconsideration as a "Motion for Modification of Sentence" – was unavailing as a basis for an out-of-time appeal.[8] The trial court correctly rejected that ground.

---

[7] Although LaBrew has alleged that his punishment was too harsh, he has not alleged that any sentence imposed upon him was void. See *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (sentence is void if it imposes punishment the law does not allow).

[8] See *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) (explaining that a criminal defendant is entitled to an out-of-time appeal, upon a showing that he lost his right to appellate review of his conviction due to error of counsel); see also *Clemons v. State*, 288 Ga. 445, 447 (4) (704 SE2d 762) (2011) (an out-of-time appeal is the remedy where a right of direct appeal has been frustrated as a result of ineffective assistance of counsel).

3. Finally, LaBrew asserts other arguments to this court that he claims entitles him to an out-of-time appeal. But because he failed to present those arguments to the trial court, they are not properly before us.[9]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[9] *Anderson v. State*, 251 Ga. App. 785, 786 (554 SE2d 811) (2001) (appellate review cannot be enlarged or transformed through switching, shifting, or mending one's hold; function of Court of Appeals is to review errors of the lower courts, not to review assertions made by appellant and brought directly to this court); *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000) (refusing to address issues which were not raised in the trial court).