**SECOND DIVISION
BARNES, P. J.,
ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**June 1, 2012**

# In the Court of Appeals of Georgia

A12A0665. BENFORD v. THE STATE.                              AD-025C

ADAMS, Judge.

Larry James Benford, pro se, filed this appeal from the trial court's denial of his "Motion for Sentence Modification/Reduction." Finding no merit to Benford's arguments on appeal, we affirm.

On or around April 6, 2009, Benford was arrested and charged with possession of powder cocaine with intent to distribute. Benford was on probation on another charge of trafficking in cocaine at the time of his arrest. Benford initially entered a plea of not guilty in this case, but he withdrew that plea and entered a plea of guilty. The trial judge accepted Benford's plea on November 4, 2010, and held a sentencing hearing on January 6, 2011. The State requested that Benford be sentenced to 30 years, to serve a minimum of 12, with a cap of 15 years of jail time. Benford

requested that he be sentenced to thirty years, with five to serve, and he presented testimony from a long-time friend and from a co-worker in support of his request for reduced jail time. After considering this testimony, the trial court sentenced Benford to 30 years, with 15 to serve, based on Benford's past criminal history and the seriousness of the charge.

On June 13, 2011, the trial court denied a Motion to Reduce/Modify Sentence filed by Benford, and Benford subsequently filed the Motion for Sentence Modification/Reduction that is the subject of this appeal on October 20, 2011. The trial court denied that order on October 24, 2011.

1. Benford first argues that his sentence was excessive and constituted cruel and unusual punishment because he is 56 years old and a sentence of 30 years, with 15 to serve is "the same as a life sentence." But Benford's sentence does not exceed the permissible maximum for the offense to which he pled guilty. See OCGA § 16-13-30 (d). And "[w]here the sentence[] imposed [is] within the statutory limits, as [it is] here, [it is] not unconstitutional." (Citation and punctuation omitted.) *Jones v. State*, 254 Ga. App. 863, 867 (6) (564 SE2d 220) (2002). See also *Inglett v. State*, 239 Ga. App. 524, 528 (9) (521 SE2d 241) (1999) ("A determinate sentence which falls

within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds.") (Citations and punctuation omitted.)

2. Benford next argues that the trial court erred in failing to conduct any pre-sentence investigation prior to sentencing him. He asserts that he was harmed because "the court had no positive evidence that would have at least offered [him] a chance of a more lenient sentence." But the record shows that the trial court conducted a hearing prior to sentencing Benford, in which the court considered not only Benford's prior criminal history (two prior drug convictions, two prior burglary convictions and a prior trafficking conviction), but also heard testimony from two defense witnesses as to Benford's work skills and work history, his family connections and responsibilities, as well as his church involvement and charitable work. And in sentencing Benford, the trial judge acknowledged that Benford had "accomplished a great deal in your life that's positive. You have friends that will come and speak for you and, you know, given our circumstance, that's quite surprising. And it really speaks well of you, you know. And you've come today and you've expressed remorse, and that's also positive." The trial court also acknowledged that Benford acted based upon what he thought were "compelling, economic reasons" in committing the crime. Accordingly, it is clear that the trial court considered positive

3

evidence presented by Benford and weighed it with that evidence of Benford's prior criminal history and the seriousness of the charge before pronouncing the sentence in this case. Thus, this enumeration is without merit.

3. Benford also asserts that the trial court erred in failing to consider the arguments he raised in his motion with regard to his family connections, his employment, his membership and contributions to the community and the church, the nature of the crime, and his age without, at least, holding a hearing on his motion. But as discussed above, the trial court considered these factors in accepting his plea and in issuing the original sentence in this case. Moreover, because we held above that Benford's sentence was within the statutory limitations, no modification of the sentence was mandated; therefore, no hearing was required. See *LaBrew v. State*, __ Ga. App. __ (1) (Case No. A12A0003, decided May 15, 2012); OCGA § 17-10-1 (f).

4. Benford further contends that he received ineffective assistance of counsel "through coercion and misleading tactics," in that his attorney advised him to accept a non-negotiated plea instead of trying to seek a more lenient sentence for his guilty plea. Generally, an appeal "cannot be taken from a guilty plea on the ground of ineffective assistance of counsel unless the issue can be resolved by reference to facts on the record." (Citation omitted.) *Moore v. State*, 285 Ga. 855, 858 (3) (684 SE2d

4

605) (2009). Here, the record indicates that Benford was aware that he could receive a 30-year sentence if he pled guilty; that he knew that the State was asking that he be ordered to serve at least 12 years; and that he was also informed that if the trial court sentenced him to more than 12 years to serve, he could seek to withdraw his guilty plea. Moreover, the record indicates that by the time of the sentencing hearing, the State had agreed to a 15-year cap on time served, and Benford's counsel further sought to have the jail time reduced to five years. Thus, the record does not support Benford's argument with regard to ineffective assistance of counsel. To the extent that his argument is based upon conversations with his counsel and facts not appearing on the record, he must seek relief through habeas corpus. Id.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*