**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 27, 2014

# In the Court of Appeals of Georgia

A14A0405. GHOLSTON v. THE STATE.

BARNES, Presiding Judge.

On January 29, 2010, Deante Gholston pled guilty to armed robbery and robbery by force, and the trial court sentenced him to two consecutive 15-year sentences, with the initial 15 years to be served in confinement and the remaining 15 years to be served on probation. On January 28, 2011, Gholston filed a pro se "Extraordinary Motion to Withdraw Guilty Plea," contending that he should be permitted to withdraw his plea because his indictment failed to allege the essential elements of the crimes, including venue, and because the two crimes should have merged for purposes of sentencing. The trial court dismissed the motion as untimely, and Gholston now appeals the dismissal. Discerning no error, we affirm.

Gholston's motion was untimely, whether construed as a motion to withdraw his guilty plea or as a motion in arrest of judgment. "Both sorts of motions must be

filed within the same term of court at which the guilty plea or judgment being challenged was entered." *Hagan v. State*, 290 Ga. 353 (720 SE2d 645) (2012). Gholston's guilty plea and the resulting judgment were entered in January 2010, during the December 2009 term of court in Bibb County. See OCGA § 15-6-3 (23) (A). A new term of court began on Monday, February 1, 2010. See id. Hence, Gholston's January 2011 motion was filed outside the term of court in which his plea and the resulting judgment had been entered, depriving the trial court of jurisdiction to consider it. See *Hagan*, 290 Ga. at 353.

Gholston suggests that his motion was timely because he was challenging his sentence as void, and a void sentence can be challenged at any time. See *Ward v. State*, 311 Ga. App. 53 (714 SE2d 731) (2011). But Gholston did not raise a proper void sentence claim. Rather, Gholston claimed that the indictment failed to allege the essential elements of the crime, including venue, and such a claim relates to the validity of his conviction, not his sentence. See *Hagan*, 290 Ga. at 353; *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008). Likewise, Gholston's claim that his convictions for armed robbery and robbery by force should have merged is a claim challenging his convictions and not a claim that his resulting sentence was void. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010); *Rogers v. State*, 314

Ga. App. 398, 399-400 (724 SE2d 417) (2012). Furthermore, a sentence is not void if it "falls within the statutory range of punishment." (Citation and punctuation omitted.) *Ward*, 311 Ga. App. at 54. Gholston's sentence thus was not void because it fell within the statutory range of punishment for armed robbery and robbery by force. See OCGA §§ 16-8-40 (b); 16-8-41 (b).

For these combined reasons, the trial court lacked jurisdiction to consider Gholston's untimely "Extraordinary Motion to Withdraw Guilty Plea." The trial court, therefore, properly dismissed the motion. See *Ward*, 311 Ga. App. at 54.

*Judgment affirmed. Boggs and Branch, JJ., concur*.