In the Supreme Court of Georgia

Decided: September 14, 2015

S15A0892.  WYATT v. THE STATE.

HUNSTEIN, Justice.

Appellant Norris Wyatt appeals from the trial court's dismissal of what he styled an "Extraordinary Motion to Withdraw Guilty Plea."  We affirm.

In November 2002, Norris Wyatt pled guilty to felony murder predicated on aggravated assault and was sentenced to life imprisonment with the possibility of parole.  In January 2014, Wyatt filed an "Extraordinary Motion to Withdraw Guilty Plea" alleging, inter alia, that he pled guilty to an indictment that failed to allege venue.  The trial court dismissed the motion as untimely.  On appeal, Wyatt argues that the trial court had jurisdiction to entertain his motion because "the sentence imposed in his criminal case is void for the fact that his indictment is fatally defective."

This Court addressed a nearly identical issue in Hagan v. State, 290 Ga. 353 (720 SE2d 645) (2012).  In that case, Hagan pled guilty in the March 2010

term of the Catoosa County Superior Court to, among other things, malice murder. In the March 2011 term of court, Hagan filed an "Extraordinary Motion to With draw Guilty Plea" in which he argued that the judgment of conviction in his case was void because the indictment failed to allege venue. Id. The trial court denied the motion as untimely and meritless, and this Court affirmed the trial court, stating as follows:

> We need not decide the merits, because Appellant's motion was untimely, whether considered as a motion to withdraw his guilty plea or as a motion in arrest of judgment. Both sorts of motions must be filed within the same term of court at which the guilty plea or judgment being challenged was entered. See Rubiani v. State, 279 Ga. 299, 299 (612 SE2d 798) (2005) ("'[W]hen the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.'" (citation omitted)); OCGA § 17–9–61 (b) ("A motion in arrest of judgment must be made during the term at which the judgment was obtained."); Lay v. State, 289 Ga. 210, 211 (710 SE2d 141) (2011) (same). Appellant's motion was not filed within the same term at which his guilty plea and the resulting judgment were entered. Accordingly, we affirm the trial court's denial of Appellant's motion.

Id. at 353. The same principles apply here, and the judgment of the trial court must thus be affirmed.

Judgment affirmed. All the Justices concur.