# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0685.  CODERRIS JOHNSON v. THE STATE.**

In October 2015, Coderris Johnson pleaded guilty to armed robbery and was sentenced to serve ten years and six months in custody.  In January 2017, Johnson filed a motion to modify his sentence.  The trial court denied the motion, and Johnson appeals.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  *Frazier*, 302 Ga. App. at 348.

Void-sentence claims "generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  "Allegations that merely challenge the sentencing procedure or question the fairness of sentence do not implicate voidness and cannot form the basis for a direct appeal."  *Burg v. State*, 297 Ga. App. 118, 119

(676 SE2d 465) (2009).

OCGA § 16-8-41 (b) provides that "[a] person convicted of the offense of armed robbery shall be punished by . . . imprisonment for life or by imprisonment for not less than ten nor more than 20 years." Johnson's sentence of ten years and six months falls within the permissible sentencing range under this statute. In his motion, Johnson argued that his indictment failed to allege any aggravating factors concerning the assault, thereby authorizing the trial court to depart from the statutory sentencing range. While defects in an indictment may affect the validity of a conviction, they do not form the basis of a colorable void-sentence claim.[1] See *Gholston v. State*, 327 Ga. App. 790 (761 SE2d 189) (2014) (claim that indictment failed to alleged essential elements of crime "relates to the validity of [the defendant's] conviction, not his sentence").

Because Johnson has not alleged that his sentence was outside the permissible range for the crime to which he pleaded guilty and of which he was convicted, he has not raised a colorable void-sentence claim. Accordingly, this appeal is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 349.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 12/06/2017

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*

---

[1] "[A] claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus." *vonThomas*, 293 Ga. at 571 (2).