**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS, J., and SENIOR APPELLATE JUDGE BEASLEY**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 10, 2018**

# In the Court of Appeals of Georgia

A18A0398. MERRICK v. THE STATE.

BEASLEY, Senior Appellate Judge.

Following Jolisa Joanna Merrick's January 17, 2017 guilty plea on one count of family violence battery, the State Court of Clayton County sentenced Merrick to 12 months probation. On April 19, 2017, Merrick filed an "Extraordinary Motion to Withdraw Guilty Plea," claiming that she received ineffective assistance of counsel in that her prior counsel misled her and failed to investigate her case.[1] The trial court

---

[1] On February 9, 2017, Merrick, acting pro se, also filed a pleading entitled "Notice of Appeal with Documentary Evidence and Possible Dismissal Request." Although not discussed by the parties on appeal, the trial court construed Merrick's pleading as a motion to withdraw her guilty plea and entered a rule nisi on March 2, 2017, setting the motion for a hearing. The record does not show that a hearing occurred. Nevertheless, Merrick obtained new counsel who filed the extraordinary motion to withdraw her guilty plea at issue in this appeal. Because the result in this appeal does not turn upon the manner in which the trial court treated Merrick's February 9, 2017 pleading, i.e., as a motion to withdraw a guilty plea or a properly

denied Merrick's motion because it was filed outside the term of court at which her guilty plea was entered, and Merrick appeals. Finding no error, we affirm.

In her sole enumeration of error, Merrick contends that the trial court erred in denying her extraordinary motion for new trial without a hearing. However, because the trial court lacked jurisdiction to consider Merrick's motion, we need not consider her argument.

> It is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea. After the term of court has expired, a defendant's only means for withdrawing a guilty plea is through habeas corpus proceedings.

filed notice of appeal, and because Merrick has abandoned the issue by failing to enumerate it as error on appeal, we need not decide whether the trial court should have treated Merrick's pleading as a notice of appeal and timely transmitted the record to this Court at that time. See Court of Appeals Rule 25 (c) (2); *White v. State*, 302 Ga. 315, 318-319 (2) (806 SE2d 489) (2017) (pro se motion to withdraw a guilty plea, filed during same term of court as guilty plea and by defendant who was represented by counsel during guilty plea, was a nullity); *Hernandez-Ramirez v. State*, — Ga. App. — , *2 - *3 (Case No. A18A0037, decided March 23, 2018) (same). See also *Soberanis v. State*, — Ga. App. —, *3 - *4 (Case No. A17A1578, decided March 26, 2018) (pro se notice of appeal, filed during same term of court as judgment of conviction and by defendant who was represented by counsel at trial, was a nullity); *Cornish v. State*, 219 Ga. App. 884, 888 (3) (d) (466 SE2d 919) (1996) (issue not enumerated as error deemed abandoned).

(Citations and punctuation omitted.) *Ward v. State*, 311 Ga. App. 53 (714 SE2d 731) (2011). See also *Wyatt v. State*, 297 Ga. 679 (777 SE2d 476) (2015); *Hagan v. State*, 290 Ga. 353 (720 SE2d 645) (2012); *Gholston v. State*, 327 Ga. App. 790, 791 (761 SE2d 189) (2014).

In this case, Merrick entered her plea of guilty on January 17, 2017, during the November 2016 term of court. See OCGA §§ 15-6-3 (10) (terms of court for Clayton Judicial Circuit commence on the "[f]irst Monday in February, May, August, and November") and 15-7-40 (terms of court for state courts are "prescribed by local laws"); Ga. L. 1980, p. 3890, 3892, § 3 ("The terms of the State Court of Clayton County shall be held on the same dates now or hereafter provided for holding the terms of the Superior Court of Clayton County."); Ga. L. 1964, p. 2032, 2036-2037, § 10 (establishing the "Civil and Criminal Court of Clayton County" [later renamed the "State Court of Clayton County"] and terms of court). It was not until April 19, 2017, during the February 2017 term of court, that Merrick filed her extraordinary motion to withdraw her guilty plea. It necessarily follows that the trial court lacked jurisdiction to consider Merrick's motion and, as a result, properly denied the

motion.[2] See *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) ("a trial court's mere 'denial' of a motion it lacks jurisdiction to decide without more cannot be assumed to be a decision on the merits, and so its 'denial' rather than 'dismissal' of an untimely motion does not require vacatur of that order"); *Ward*, 311 Ga. App. at 53. Because the term of court in which Merrick's sentence was entered has expired, her sole remedy for seeking to withdraw her guilty plea is to file a petition for habeas corpus. See OCGA § 9-14-40 et seq.; *Ward*, 311 Ga. App. at 53.

*Judgment affirmed. Miller, P. J., and Andrews, J., concur.*

---

[2] Notwithstanding the trial court's lack of jurisdiction, Merrick's enumeration fails. "[P]retermitting whether a defendant has a right to a hearing on a motion to withdraw a guilty plea, [Merrick] never requested that the trial court hold such a hearing. It is well settled that, even if a defendant has a due process right to a hearing, that right may be waived by failure to request a hearing." *Isaac v. State*, 237 Ga. App. 723, 727-728 (3) (516 SE2d 575) (1999).