# Court of Appeals
# of the State of Georgia

ATLANTA,  June 25, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2161. TOREY FOWLER v. THE STATE.**

In 2006, Torey Fowler pled guilty to multiple offenses.[1] In 2019, Fowler filed a motion to vacate a void and illegal sentence, arguing that he was not sentenced in accordance with his negotiated plea, that the trial court improperly participated in plea negotiations, and that his plea was not voluntary due to ineffective assistance of counsel. The trial court denied the motion, and Fowler filed this appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void-sentence claims.  *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

---

[1] We affirmed the trial court's denial of his motion for an out-of-time appeal and motion to withdraw his guilty plea in an unpublished opinion. *Fowler v. State*, A15A0624 (decided April 14, 2015).

Here, Fowler does not argue that his sentence falls outside the permissible statutory range, but instead alleges various infirmities with the plea process and the voluntariness of his plea. Such arguments do not constitute a colorable void sentence claim. See *von Thomas*, 293 Ga. at 572 (2); *Ward v. State*, 311 Ga. App. 53, 53-54 (714 SE2d 731) (2011). Because Fowler has not raised a valid void sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   06/25/2019*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*