# Court of Appeals
# of the State of Georgia

ATLANTA,  August 03, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1653. TRACY WRIGHT, JR. v. THE STATE.**

In 2011, a jury found Tracy Wright, Jr., guilty of burglary, kidnapping (with bodily injury), false imprisonment, aggravated assault (serious bodily injury), aggravated assault (intent to rape), rape, and aggravated sodomy. He filed a direct appeal, challenging the sufficiency of the evidence and contending that trial counsel rendered ineffective assistance. We affirmed the convictions. Case No. A14A1322 (decided Sept. 10, 2014).

In March 2021, Wright filed a Motion to Vacate Void Judgment in which he contended "newly discovered substantive defects in the prosecution of his criminal case . . . resulted in void convictions and a sentencing scheme not allowed by operation of law." Specifically, he argued that the indictment set out various counts in a "multiplici[t]ous and duplicitous manner," that the trial court failed to properly instruct the jury in connection therewith, and that the sentence imposed was illegal because several of the counts should have merged. The trial court denied the motion, and Wright filed this direct appeal.

To the extent Wright's motion could be construed as one to vacate a void sentence, we lack jurisdiction. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void. See id. Moreover, an appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Wright did not raise a colorable void-sentence claim.

In his motion, Wright did not argue that his sentences fell outside the applicable

statutory range of punishment. Rather, he claimed that the trial court should have merged several of the convictions because the indictment charged multiple counts for acts that constituted a single offense. This merger claim is a challenge to his convictions, not his sentence, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (defendant's "claim of failure to merge . . . is a challenge to his criminal conviction"); *Gholston v. State*, 327 Ga. App. 790, 791 (761 SE2d 189) (2014) (defendant's claim that his convictions should have merged "is a claim challenging his convictions and not a claim that his resulting sentence was void").

Furthermore, to the extent Wright's motion could be construed as seeking to vacate or modify his convictions, his appeal is subject to dismissal. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying such a motion must be dismissed. See id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, this appeal must be dismissed. Notably, Wright has already had a direct appeal from the judgment of conviction and sentence, which we affirmed, and the claims at issue in the current appeal are based on circumstances as they existed at the time of the entry of judgment; he is not entitled to a second direct appeal from his judgment of conviction. See *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction. See *Williams*, 287 Ga. at 194; *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  08/03/2021

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen