**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 10, 2024**

# In the Court of Appeals of Georgia

A24A0345. ZIPPERMAN v. THE STATE.

DOYLE, Presiding Judge.

After pleading guilty to family violence battery, cruelty to children, three counts of aggravated stalking, terroristic threats, attempted burglary, and possession of amphetamine, Taj Zipperman was sentenced to ten years to serve three in imprisonment and the remainder on probation as a first offender.[1] Zipperman moved to modify his sentence, which motion he later amended, and the trial court denied his

---

[1] The State entered a motion for nolle prosequi as to one count of family violence aggravated assault and one count of family violence battery, which motion the trial court granted. After the entry of the final disposition, the State moved for correction of a scrivener's error therein, which motion the trial court granted, entering an amended final disposition.

amended motion without a hearing. Zipperman now appeals the denial of his amended motion, and we affirm for the reasons that follow.

The record shows that Zipperman was arrested and charged in early July 2022 with simple battery against N. G., who was his romantic partner of many years. After he was released on bond with the special condition prohibiting him from contacting N. G. or returning to their residence, Zipperman did precisely that, and in late July 2022, he was arrested yet again. After being released on bond again in late July 2022, Zipperman was arrested for a third time for offenses against N. G. in early August 2022. This time, Zipperman was denied bond; he was indicted in October 2022 for family violence aggravated assault, two counts of family violence battery, cruelty to children, three counts of aggravated stalking, terroristic threats, attempted burglary, and possession of amphetamine in July and August. At a bond hearing after his indictment, the State proffered evidence of Zipperman's continued threatening communications with N. G. directly or through intermediaries, including his family, and the trial court denied bond prior to trial.

Instead of proceeding to trial, Zipperman pleaded guilty to eight of the ten charges. After taking Zipperman's plea, the trial court heard a proffer of the factual

allegations partially from Zipperman and partially from the State, including the review of various text messages, videos, and recordings made by N. G. of Zipperman's behavior and communications with her. Additionally, Zipperman provided 11 witnesses, mostly immediate family, testifying to his service to others and his relationship with his grandson. Notably, however, Zipperman's son was questioned about his parents' relationship, which ended in divorce many years before these incidents, and admitted that his mother had taken out an order of protection against Zipperman at one point.

After hearing from the character witnesses, hearing from N. G., reviewing the various pieces of written and recorded evidence, and speaking with Zipperman, the trial court sentenced him to ten years, three to be served in incarceration and the remainder to be served on probation.[2]

---

[2] In its pronouncement, the trial court noted,

I just have to point out the comment that you made today about, I don't know why I did that. I don't know what I was thinking. I don't know why I contacted her. After hearing those recordings, I know exactly why you did and you do too. You were trying to intimidate her. You were trying to influence her. You were trying to back her down from prosecuting something that you knew you were guilty of. I don't know — it may not

After sentencing, Zipperman filed a motion to modify his sentence pursuant to OCGA § 17-10-1 (f). The trial court issued a Rule Nisi in the matter. Zipperman then amended his motion, asking that the trial court modify the remainder of his sentence to be served on probation rather than in custody. At the time he filed the amended motion, he had served nine months of the three-year sentence in incarceration.[3] Zipperman's motion reiterated the arguments made at the sentencing hearing that he had community support, had never had problems before this relationship, was missed by his family, had learned much while incarcerated, and hoped to take classes when on probation. After reviewing the amended motion and the record of the case, the trial

surprise you that many people appear in front of me and they tell me that, you know, I'm very sorry that I did it and I promise I'll never do it again. I think many of those people are sincere at the time they say it, and I don't have any reason to think that you aren't, but I also have to take into account that oftentimes what people are sorry about is that they have gotten caught. The conversations that I heard lead me to believe that at least at some point along the way that was your attitude. I also have to say for better or for worse rarely have I been given such abundant evidence that a decision to deny bond was the right thing to do.

[3] The final disposition allowed the custodian to determine whether Zipperman should be credited with time served prior to sentencing.

court canceled the hearing on the matter and denied the amended motion to modify Zipperman's sentence. Zipperman now appeals.

1. Zipperman argues that the trial court's order is void because the court failed to hold a hearing on his motion to modify his sentence. We disagree.

OCGA § 17-10-1 (f) states that

[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. The time periods prescribed in this subsection require the defendant to file a motion within such time periods; however, the court shall not be constrained to issue its order or hear the matter within such time periods. *Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void.* This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.[4]

---

[4] (Emphasis supplied).

Here, in order to determine whether Zipperman is correct that the trial court erred by failing to hold a hearing, "[w]e first look to the text because a statute draws its meaning from its text."[5] "[B]ecause we presume that the General Assembly meant what it said and said what it meant when it comes to the meaning of statutes, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would."[6]

The plain language of the statute results in a void order if the court fails to "afford notice and an opportunity for a hearing to the prosecuting attorney" prior to entering an order that modifies the sentence.[7] The statutory language here mandates that the court notify the prosecution and provide the opportunity for a hearing to the prosecution prior to making a determination on such a motion. Although Zipperman states that this Court's decision in *Gray v. State*[8] requires a hearing under OCGA § 17-10-1 (f) should either the State or the defendant so request, that is not the holding

---

[5] (Punctuation omitted.) *Gray v. State*, 310 Ga. 259, 261 (2) (850 SE2d 36) (2020), quoting *Stubbs v. Hall*, 308 Ga. 354, 363 (4) (840 SE2d 407) (2020).

[6] *Stubbs*, 308 Ga. at 363 (4).

[7] See, e.g., *Gray*, 310 Ga. at 261-262 (2); *Stubbs*, 308 Ga. at 363-369 (4).

[8] 358 Ga. App. 811 (856 SE2d 395) (2021).

6

of *Gray*. Instead, this Court found void the trial court's sua sponte order reinstating a defendant's sentence on the basis that the State was not given notice and an opportunity for a hearing.[9] This Court did not hold that a trial court must hold a hearing on the defendant's motion and request.[10]

In this case, as noted by the State, Zipperman requested a hearing in his initial motion to modify his sentence. This initial motion provided no detail as to his additional facts or argument in favor of modification. After the trial court scheduled a hearing based on this initial motion, Zipperman filed an amended motion to modify, which provided his arguments in favor of modification. There is no indication in the record that the prosecution was not afforded notice and an opportunity for a hearing by the trial court. Rather, the State was notified of the motion. The State did not

---

[9] See id. at 812 (2). See also *LaBrew v. State*, 315 Ga. App. 865, 866-867 (1) (729 SE2d 33) (2012) (holding that no hearing was required under OCGA § 17-10-1 (f) because based on the plain language of that statute, the trial court did not enter an order correcting, reducing, or modifying the defendant's sentence), overruled on other grounds by *Collier v. State*, 307 Ga. 363, 378 (834 SE2d 769) (2019); *Benford v. State*, 316 Ga. App. 95, 96 (3) (729 SE2d 414) (2012) (citing *LaBrew* and explaining that there was no error in the trial court's failure to hold a hearing on the defendant's motion to modify his sentence because the trial court considered the same factors in its sentencing order and the sentence was within the statutory guidelines).

[10] See *Gray*, 358 Ga. App. at 812 (2).

respond to the amended motion, and the trial court, after reviewing the motion and the record, determined that a hearing was not necessary for determination of Zipperman's arguments, which essentially were those that he had presented to the trial court during his plea and sentencing hearing. Accordingly, the order is not void for failure of the trial court to hold a hearing on Zipperman's amended motion to modify his sentence because OCGA § 17-10-1 (f) does not mandate a hearing on a defendant's request.

2. Zipperman also argues that the trial court failed to exercise its discretion when it denied the motion. We do not find this argument persuasive. The trial court denied the motion "[i]n consideration of the written motion" as well as the previous record. That the trial court did not require further argument or testimony in order to exercise its discretion to deny the motion is not a *failure* to exercise discretion.[11]

---

[11] Compare *Robinson v. State*, 308 Ga. App. 562, 568 (1) (708 SE2d 303) (2011) (reversing a conviction based on the trial court's abuse of discretion for failing to allow certain evidence based on the Rape Shield Statute because the trial court "did not think it had discretion to admit the evidence," and thus, the trial court could not have exercised any discretion).

Accordingly, we affirm the trial court's order denying Zipperman's motion to modify his sentence.

*Judgment affirmed. Hodges and Watkins, JJ., concur.*