S10A0467. WILLIAMS v. THE STATE.
(695 SE2d 244)

THOMPSON, Justice.

Walter Williams was convicted in January 1977 of malice murder and armed robbery and sentenced to consecutive life sentences. This Court affirmed his convictions in *Williams v. State*, 242 Ga. 757 (251 SE2d 254) (1978). In March 2009 Williams filed a motion to correct illegal sentence, arguing that the crimes of murder and armed robbery merged as a matter of fact, and therefore, he could not be convicted and sentenced on both charges. The trial court denied the motion and Williams filed the instant direct appeal. For the reasons that follow, we dismiss Williams' appeal.

"It is incumbent upon this Court to inquire into its own jurisdiction. [Cit.]" *Nix v. Watts*, 284 Ga. 100 (664 SE2d 194) (2008). Pursuant to *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009), "a petition to vacate or modify a judgment of conviction [is] not an appropriate remedy in a criminal case." Id. at 217 (1). Williams

asserts in his motion to correct illegal sentence that he should not have been convicted and sentenced on the charge of armed robbery because that charge merged as a matter of fact with his malice murder conviction. See OCGA § 16-1-7 (a). The jurisdictional question in this case is whether a claim that a conviction merged under OCGA § 16-1-7 (a) is a claim challenging the *conviction* or the resulting *sentence* as void. If the former, this Court is without jurisdiction under *Harper*. If the latter, this Court would have jurisdiction because the denial of a petition to correct a sentence on the ground that the original sentence was void is appealable as a matter of right. *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999).

OCGA § 16-1-7 (a) provides, in pertinent part:

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other. . . .

OCGA § 16-1-7 (a) thus renders illegal a *conviction* for a crime that should have merged, and a claim that a charge should have merged under OCGA § 16-1-7 is a specific attack on the conviction. Although the determination that the conviction is void requires that the sentence also be set aside, as would be the case when a conviction is declared void for any reason, this fact does not alter the fundamental nature of the challenge to the conviction itself. In contrast, a challenge to a void *sentence* presupposes that the trial court was authorized to sentence the defendant but the sentence imposed was not allowed by law. See, e.g., *Rooney v. State*, 287 Ga. 1 (690 SE2d 804) (2010) (attack on sentence as unlawfully consecutive); *Worley v. State*, 265 Ga. 251 (1) (454 SE2d 461) (1995) (claiming sentencing statute required determinate term between five and twenty years); *Wade v. State*, 231 Ga. 131, 134-135 (200 SE2d 271) (1973) (holding sentences invalid because they did not follow the jury's verdict and sentence); *Thompson v. State*, 294 Ga. App. 768 (1) (670 SE2d 226) (2008) (challenge of enhanced punishment under recidivist statute).

In several prior cases, this Court has considered appeals involving merger claims raised in a motion to vacate a sentence and/or vacate a conviction as void or pleadings of a similar nature. See, e.g., *Hamilton v. State*, 286 Ga. 572, 572-573 (690 SE2d 419) (2010); *Hooks v. State*, 284 Ga. 531, 532 (668 SE2d 718) (2008); *Hutchins v. State*, 284 Ga. 395 (667 SE2d 589) (2008); *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008); *Curtis v. State*, 275 Ga. 576-578 (571 SE2d 376) (2002). These cases did not focus, however, on the

distinction between challenges to convictions and challenges to sentences, which *Harper* holds is the dispositive question in determining our jurisdiction over appeals from such motions. Based on our decision in *Harper*, we now overrule those cases to the extent they may be read as allowing a direct appeal from the denial of a merger claim.

Because Williams' claim of failure to merge under OCGA § 16-1-7 (a) is a challenge to his criminal conviction and a motion to correct illegal sentence or conviction is not an appropriate remedy to attack a conviction in a criminal case, his appeal is subject to dismissal. See *Harper*, supra, 286 Ga. at 218 (2).

*Appeal dismissed. All the Justices concur.*

DECIDED MAY 17, 2010.

Walter W. Williams, *pro se.*

*Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.