**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 2, 2014**

# In the Court of Appeals of Georgia

A14A0663. WILLIAMS v. THE STATE.

ELLINGTON, Presiding Judge.

The Superior Court of Richmond County accepted the guilty plea tendered by Jeffery Williams to two counts of burglary, OCGA § 16-7-1 (b). After sentence was entered, Williams filed a motion to withdraw his guilty plea, contending that his plea was not knowing and voluntary and that he received ineffective assistance of counsel. After a hearing, at which Williams was represented by new counsel, the trial court denied his motion, and he appeals. For reasons explained below, we affirm.

1. Williams contends that his guilty plea was not knowing and voluntary and, therefore, that the trial court erred in accepting his guilty plea.

Making a knowing and voluntary plea requires an understanding of the nature of the charge, the rights being waived, and the consequences of the plea. When a defendant enters a plea of guilty, and subsequently

challenges the validity of the guilty plea, the State may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he [or she] was waiving and the possible consequences of [the guilty] plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice. A trial court has discretion to permit the withdrawal of a guilty plea, and we will not reverse a trial court's refusal to permit withdrawal of the plea absent a manifest abuse of discretion.

(Citations and punctuation omitted.) *Rocha v. State*, 287 Ga. App. 446, 448-449 (2) (651 SE2d 781) (2007). See *Boykin v. Alabama,* 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

The record shows that, on October 28, 2011, Williams and another man were caught inside a commercial warehouse in Richmond County in the process of committing a burglary there, surrendered to sheriff's deputies, and were taken into custody. The deputy clerk of the Civil Court of Richmond County issued an arrest warrant later that day. After Williams filed a demand for a speedy trial, his case was

2

specially set for June 14, 2012. The State served notice of its intent to seek recidivist punishment.

On the date set for trial, before jury selection began, Williams requested a continuance so that he could retain counsel in place of his appointed counsel. After a lengthy discussion about Williams' dissatisfaction with pretrial procedures, the court called a recess. During that recess, Williams conferred privately with his attorney, and, when the hearing resumed, the attorney announced that Williams had decided to plead guilty. The trial court questioned Williams under oath about his understanding of the charges against him, the rights he would be waiving by pleading guilty, and the potential punishment that could be imposed; his mental capacity; whether there had been any promises or threats to induce him to plead guilty; and his ability to confer with his trial attorney before pleading guilty. Williams affirmatively stated that he was satisfied with the services his attorney had provided. Williams also submitted a signed guilty plea and waiver of rights form.

Based on the court's colloquy with Williams and his attorney and on the waiver of rights form, the trial court determined that Williams was knowingly, intelligently, and voluntarily pleading guilty to the charges, and the court accepted his guilty plea. The State then tendered into evidence certified copies of four previous felony

convictions. The trial court sentenced Williams as a recidivist under OCGA § 17-10-7 (a) and (c), on each count, to fifteen years imprisonment, followed by five years probation, to be served concurrently.

In his motion to withdraw his guilty plea, Williams argued, inter alia, that he was coerced into pleading guilty by his counsel's deficient performance. At the hearing on the motion, his trial counsel testified that, when the case was called for trial, Williams initially demanded a continuance, but, during the short recess, he had a change of heart and decided to plead guilty because he was contrite about the crimes he had committed. Nothing in the June 14, 2012 plea hearing transcript supports an inference that, after the recess when Williams met with his attorney, he wavered in his decision to plead guilty. Williams did not testify at the hearing on his motion to withdraw his guilty plea, and his trial attorney's testimony about what transpired during the recess is undisputed. The trial court was authorized to reject Williams' argument that he had been coerced into pleading guilty by his counsel's deficient performance, as explained in Division 2, infra. We conclude that the trial court's finding that Williams' plea was intelligently and voluntarily entered was not clearly erroneous. *Frost v. State*, 286 Ga. App. 694, 697 (1) (649 SE2d 878) (2007) ("[P]ressures such as a lack of faith in one's trial counsel do not necessarily give rise

4

to the manifest injustice required to withdraw a plea after sentencing.") (footnote omitted). Accordingly, the trial court did not abuse its discretion in denying Williams' motion to withdraw his guilty plea. Id.

2. Williams contends that his trial counsel rendered ineffective assistance of counsel in failing to challenge the legality of the arrest warrant and in failing to challenge the sufficiency of the State's notice of intent to seek punishment as a recidivist. Williams contends that these deficiencies had the effect of coercing him to plead guilty.

In order to show a violation of the constitutional right to effective legal assistance, a criminal defendant who has waived his right to trial and entered a guilty plea "must (1) establish that his counsel's performance fell outside the range of competence for attorneys in criminal cases and (2) establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citations and punctuation omitted.) *State v. Sabillon*, 280 Ga. 1, 2 (622 SE2d 846) (2005). See *Hill v. Lockhart*, 474 U. S. 52 (106 SCt 366, 88 LE2d 203) (1985); *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous, and the

defendant must overcome a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional conduct. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

(a) Williams contends that his trial counsel's performance was deficient because she failed to challenge the arrest warrant on the basis that, having been sworn before a deputy clerk of the Civil Court of Richmond County, it was not sworn before a judicial officer, as required by OCGA § 17-4-40 (a) ("Any judge of a superior, city, state, or magistrate court or any municipal officer clothed by law with the powers of a magistrate may issue a warrant for the arrest of any offender against the penal laws[.]"). Pretermitting whether the deputy clerk was clothed with the appropriate authority, however, the record shows that Williams was taken into custody and arrested before the warrant was issued. Williams does not contend that his warrantless arrest was illegal. See OCGA § 17-4-20 (a) ("An arrest for a crime may be made by a law enforcement officer . . . [u]nder a warrant[ ] or [w]ithout a warrant if[, inter alia,] [t]he offense is committed in such officer's presence or within such officer's immediate knowledge[.]"). Given that there was a valid, warrantless arrest, the later-issued warrant was superfluous. Thus, any defect in the arrest warrant was moot, and a challenge to the arrest warrant would have been futile. *Burke v. State*, 316 Ga. App.

6

386, 389 (1) (a) (729 SE2d 531) (2012) ("Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance.") (punctuation and footnote omitted). Furthermore, there is no evidence of record that, if counsel had challenged the arrest warrant, Williams would have insisted on going to trial rather than pleading guilty. See Division 1, supra.

(b) Williams contends that his trial counsel's performance was deficient because she failed to challenge the sufficiency of the State's notice of intent to seek punishment as a recidivist. See OCGA § 17-16-4 (a) (5) ("The prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders but in no event later than the beginning of the trial, provide the defendant with notice of any evidence in aggravation of punishment that the [S]tate intends to introduce in sentencing."). As Williams contends, the record shows that the State's notice itself did not identify any previous convictions by indictment or case number, by date, by offense, or otherwise. Instead, the notice stated that "[e]vidence of Defendant's felony convictions are provided in Defendant's GCIC [Georgia Crime Information Center] criminal history in the State's discovery and will be provided, if necessary, in certified form at sentencing." Announcing that the State intends to use as aggravation evidence in sentencing convictions listed in an attached GCIC report can satisfy the

7

prior notice requirement. *Parks v. State*, 294 Ga. App. 646, 652 (11) (669 SE2d 684) (2008). There is no evidence in the record that the State failed to provide a copy of the criminal history report, nor is there any evidence that Williams and his counsel were unaware of the specific felony convictions listed in his criminal history record. Moreover, Williams has not articulated any basis for objecting to any of the documented convictions the State offered as a basis for sentencing under OCGA § 17-10-7 (a) and (c). And, again, there is no evidence of record that, if counsel had challenged the sufficiency of the State's notice, Williams would have insisted on going to trial rather than pleading guilty. See Division 1, supra. Because Williams failed to carry his burden under *Strickland v. Washington* and its progeny, the trial court did not err in denying his motion to withdraw his guilty plea. *Gower v. State*, 313 Ga. App. 635, 636-637 (722 SE2d 383) (2012).

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur.*