# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0601.  TRAVIS JOHNSON v. THE STATE.**

In 2010, Travis Johnson pled guilty to armed robbery, robbery, and possession of a firearm during the commission of a crime. The trial court imposed a 20-year sentence on the conviction for armed robbery, a consecutive 20-year sentence on the conviction for robbery, and a consecutive 5-year sentence on the conviction for possession of a firearm during the commission of a crime. In September 2016, Johnson filed a motion to vacate or correct void sentence, which the trial court denied. He now appeals. We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Johnson argued in his motion to vacate or correct void sentence that the trial court lacked the authority to impose the sentence on his robbery conviction because that conviction should have merged into his armed robbery conviction. Johnson's merger claim is a challenge to his convictions, not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695

SE2d 244) (2010).

Because Johnson has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Harper*, 286 Ga. at 218 (2). Moreover, to the extent that Johnson's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   11/30/2016*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*