# Court of Appeals
# of the State of Georgia

ATLANTA,  February 10, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0276.  MARCEL GORDON v. THE STATE.

In 2005, Marcel Gordon pled guilty to two counts of armed robbery and eight counts of aggravated assault.[1] In June 2016, Gordon filed a motion to vacate a void sentence.[2] On December 19, 2016, the trial court denied the motion, and Gordon filed this application for discretionary review. We, however, lack jurisdiction.

First, an application for discretionary appeal must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Because Gordon filed his discretionary application on January 25, 2017, 37 days after the trial court issued its order, his application is untimely.

Second, even if Gordon's application had been timely filed, this Court would still lack jurisdiction. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Gordon

---

[1] This is Gordon's second appearance before this Court. Previously, we dismissed as untimely Gordon's appeal from the trial court's denial of his motion for an out-of-time appeal. See Case No. A15A0546 (decided December 8, 2014).

[2] Gordon violated this Court's rules by failing to include a copy of the motion filed below with his application materials. See Court of Appeals Rule 31 (e).

asserts that his sentence is void because the trial court erred in failing to merge certain offenses. Gordon's merger argument is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). Thus, Gordon has not raised a valid void-sentence claim.

For these reasons, we lack jurisdiction to consider Gordon's application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __02/10/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*