# Court of Appeals
# of the State of Georgia

ATLANTA,  March 13, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0296.  JARVIS RICHARDO REDMON v. THE STATE.**

Jarvis Richardo Redmon was found guilty of two counts of sexual battery against a child under 16 years old, and we affirmed his convictions on appeal.  See Case No. A15A1141 (affirmed Sept. 2, 2015).  Redmon later filed a motion to set aside his convictions, which the trial court denied.  He filed a "traverse answer to 'order,'" which the trial court also denied, construing it as a motion for reconsideration of its order denying his prior motion.  He then filed an application for discretionary appeal in the Supreme Court, which transferred the matter here.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Redmon does not claim that his sentence exceeded legal limits. Rather, he appears to claim that the evidence was insufficient to support his convictions, the trial court improperly instructed the jury, the trial court judge had a conflict of interest, and his trial and appellate counsel rendered ineffective assistance. As these arguments constitute a challenge to the validity of his convictions, not his sentence, we lack jurisdiction. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/13/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*