# Court of Appeals
# of the State of Georgia

ATLANTA,  March 31, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0332.  KEITH JOHNSON v. THE STATE.**

Keith Johnson, acting pro se, filed this discretionary application[1] seeking review of the trial court's order entered January 5, 2017, which order stated: "Defendant has filed a motion for out of time appeal alleging that a substantive change in the law effects the validity of his sentence.  However, the remedy for the alleged change in substantive law is not an out of time appeal.  NOW WHEREFORE, defendant's motion for out of time appeal is hereby DENIED."

In violation of this Court's Rule 31 (e),[2] Johnson has failed to include a copy of the petition or motion that led directly to the trial court's order.  Based on the arguments raised in his application brief, however, Johnson appears to be claiming that the underlying indictment was void and that certain counts should have been merged for sentencing purposes.

In essence, Johnson seeks to challenge his judgment of conviction.  See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction);*Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) (merger argument is a challenge to conviction).  See generally *Rubiani v. State*, 279 Ga. 299, n.1 (612 SE2d 798) (2005) (the substance of a motion, rather

---

[1] Johnson filed his discretionary application in the Supreme Court of Georgia, and that Court transferred the application to this Court.

[2] ("The applicant shall include with the application a copy of any petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion.")

than its nomenclature, controls).  But a petition or motion to vacate or modify a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  An appeal from an order denying or dismissing such a petition or motion must be dismissed.  See *Williams*, supra; *Roberts*, supra; *Harper*, supra at 218 (2).

Accordingly, because Johnson's collateral attack upon his judgment of conviction is not authorized, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/31/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*