# Court of Appeals
# of the State of Georgia

ATLANTA,  August 10, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0015.  JACKIE WHORTON v. THE STATE.**

In 2006, a jury found Jackie Whorton guilty of two counts of aggravated child molestation and numerous other related offenses.  The trial court imposed a total sentence of 75 years' imprisonment.  We affirmed Whorton's judgment of conviction on direct appeal.  *Whorton v. State*, 318 Ga. App. 885 (735 SE2d 7) (2012).

In August 2016, Whorton filed a motion to correct and/or vacate an illegally imposed void sentence, which the trial court denied in an order entered on September 26, 2016.  Whorton filed a notice of appeal on June 14, 2017.[1]  We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Whorton filed his notice of appeal 261 days after entry of the trial court's order, his appeal is untimely.

Second, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not

---

[1]  Whorton's notice of appeal is dated October 3, 2016, but was not filed in the trial court until June 14, 2017.

authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Whorton argues in his motion to correct and/or vacate an illegally imposed void sentence that: (i) the trial court failed to exercise its discretion to impose sentences below the statutory maximums; (ii) the trial court was required to impose split sentences for one or more of his convictions under OCGA § 17-10-6.2 (b); (iii) the trial court failed to exercise its discretion under § 17-10-6.2 (c) to impose sentences below the mandatory minimums; (iv) the trial court's failure to merge several of his convictions violates the prohibition against double jeopardy; and (v) his sentences subject him to cruel and unusual punishment. In the first, third, fourth and fifth of these contentions, Whorton does not claim that his sentences fell outside the statutory range of punishments.[2] As to his second claim, although a sentence that does not comply with § 17-10-6.2 is void, *New v. State*, 327 Ga. App. 87, 106-109 (5) (755 SE2d 568) (2014), that statute does not apply here because it had not yet been enacted when, between 2002 and 2004, Whorton committed the charged offenses. See Ga. L. 2006, pp. 379, 395, 413, §§ 21, 30 (a); *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed); accord *Richardson v. State*, 334 Ga. App. 344, 346-347 (1) (779 SE2d 406) (2015).

Because Whorton has not raised a valid void-sentence claim, we lack jurisdiction to consider this appeal. See *Harper*, 286 Ga. at 218 (2). To the extent that Whorton's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an

---

[2] Moreover, Whorton's fourth contention – his merger claim – is a challenge to his convictions, and not his sentences, and therefore does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__08/10/2017_____*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

3