# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1129.  JESSE ANDERSON v. THE STATE.**

In 2014, Jesse Anderson pleaded guilty to armed robbery, aggravated assault, and possession of cocaine. In 2017, he filed a "Motion to Correct, Vacate, and/or Arrest the Void Sentence."[1] The trial court denied that motion, and Anderson appeals.

An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Anderson argued that his armed robbery and aggravated assault convictions should have merged under OCGA § 16-7-1 (a), which "renders illegal a *conviction* for a crime that should have merged." *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010). "[A] claim that a charge should have merged under OCGA

---

[1] In 2015, Anderson filed a previous motion to modify his sentence, which the trial court dismissed. Anderson appealed to this Court, but we dismissed the appeal because he failed to file a brief and enumeration of errors. See Case No. A17A1633 (decided June 23, 2017).

§ 16-1-7 is a specific attack on the conviction." Id. However, a motion to vacate a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from an order denying such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (1). In the absence of a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/17/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*