# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1271.  ARTHUR SHERMAINE BUSSEY v. THE STATE.**

In September 2010, Arthur Bussey entered negotiated guilty pleas to aggravated assault and possession of a firearm by a convicted felon, and the trial court imposed a sentence of three years in prison, to be followed by five years on probation.  The record contains no indication that Bussey filed a direct appeal from his judgment of conviction.  In March 2016, Bussey filed a motion in arrest of judgment, in which he contended that his convictions are void because his arrest warrants were invalid due to inadequate affidavits, which, he claimed, deprived the trial court of personal jurisdiction over him.  The trial court denied Bussey's March 2016 motion, and we dismissed his ensuing direct appeal on the ground that the motion essentially sought to vacate his convictions as void, which is not a valid procedure in a criminal case.  *Bussey v. State*, No. A18A0537 (Oct. 26, 2017).

In November 2018, Bussey filed a "Motion to Challenge Constitutionality of Arrest Warrant(s) Affidavits and the Issuance of Arrest Warrant(s)," in which he again argued that his convictions are void because his arrest warrants were invalid due to inadequate affidavits, which deprived the trial court of jurisdiction over him.  The trial court denied Bussey's November 2018 motion, and he filed this direct appeal.  We lack jurisdiction for multiple reasons.

First, because we rejected Bussey's challenge to his arrest warrants in Case No. A18A0537, the current appeal is barred by the law of the case.  See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612)

(2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal"). Second, as we explained in Case No. A18A0537, a post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed. *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). For each of these reasons, there is nothing for us to review in this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  02/14/2019*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*