# Court of Appeals
# of the State of Georgia

ATLANTA,  May 26, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1528. DEVIN LEONARD GRANT v. THE STATE.**

After fleeing from a traffic stop, Devin Leonard Grant was involved in a high speed police chase during which he fired multiple shots at officers. As a result, a jury found him guilty of fifteen counts of aggravated assault on a police officer, aggravated assault, and possession of a firearm during the commission of aggravated assault on a police officer. Grant received consecutive twenty-year sentences for the 16 aggravated assault convictions and a consecutive five-year sentence on the possession of a firearm charge.[1] Years later, Grant filed a motion to vacate a void sentence, arguing that his sentences should have merged because all convictions arose from a single incident.

"Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Grant's merger claim is a challenge to his convictions, and not his sentences, and thus does not state a valid void-sentence

---

[1] Grant's convictions were affirmed in an unpublished opinion. See *Grant v. State*, (Case No. A04A0728, decided May 19, 2004).

claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

To the extent that Grant's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper*, 286 Ga. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/26/2020 *
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*