# Court of Appeals
# of the State of Georgia

ATLANTA,  May 26, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1865. ANTONIO TAYLOR v. THE STATE.**

Following a bench trial, the trial court found Antonio Taylor guilty of entering an automobile, possession of tools for the commission of a crime, and misdemeanor possession of marijuana. Over a year and a half later, Taylor filed a motion to correct an illegal sentence or, in the alternative, a motion for out-of-time appeal. The trial court conducted a hearing during which it limited the issue for consideration to Taylor's illegal sentence argument.[1] The trial court denied the motion, finding that the sentence entered was proper. Taylor appeals. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*,

---

[1] It appears that Taylor's motion for out-of-time appeal remains pending below. Should this motion be denied, Taylor would have a right to appeal the ruling. See *Rowland v. State*, 264 Ga. 872, 876 (2) (452 SE2d 756) (1995).

293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his motion to correct a void sentence, Taylor argued that his sentence for possession of tools for the commission of a crime merged with his sentence for entering an automobile. As our Supreme Court has held, however, a claim of merger is a challenge to the conviction rather than a challenge to the sentence, and thus is not an appealable void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  05/26/2020*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*