# Court of Appeals
# of the State of Georgia

<span style="float:right">ATLANTA,  July 28, 2020</span>

*The Court of Appeals hereby passes the following order:*

**A20A2078.  JEFFERY WILLIAMS v. THE STATE.**

In 2012, Jeffery Williams pleaded guilty to two counts of burglary. He was sentenced as a recidivist to 20 years on each count, to serve the first 15 years in confinement and the remainder on probation, with the sentences to run concurrently. Williams later filed a motion to withdraw his guilty plea, which the trial court denied. We affirmed that ruling on appeal. *Williams v. State*, 326 Ga. App. 784 (757 SE2d 448) (2014).

In 2018, Williams filed a motion to correct a void sentence, arguing that the trial court should have merged his convictions. The trial court denied the motion. In 2019, Williams filed a motion for an out-of-time appeal, which the trial court granted. This timely appeal followed. However, we lack jurisdiction because Williams has not raised a valid void-sentence claim.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here,[1] a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law

---

[1] Williams was sentenced in 2012, and the remittitur following his direct appeal was returned to the trial court in 2014.

does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his motion to correct a void sentence, Williams did not argue that his sentence fell outside the applicable statutory range of punishment. Rather, he claimed that the trial court should have merged his convictions because he committed only one act of burglary, not two. This merger claim is a challenge to his convictions, not his sentence, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (defendant's "claim of failure to merge . . . is a challenge to his criminal conviction"); *Gholston v. State*, 327 Ga. App. 790, 791 (761 SE2d 189) (2014) (defendant's claim that his convictions should have merged "is a claim challenging his convictions and not a claim that his resulting sentence was void"). To the extent that Williams's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Williams*, 287 Ga. at 194; *Frazier*, 302 Ga. App. at 348-349.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, ___07/28/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.