# Court of Appeals
# of the State of Georgia

ATLANTA, _May 11, 2022_

*The Court of Appeals hereby passes the following order:*

**A22A1323. ANTONIO STOCKTON v. THE STATE.**

Antonio Stockton pled guilty in 2004 to armed robbery, aggravated assault, and theft by taking. The trial court denied Stockton's motion to withdraw his plea, and we affirmed the court's ruling on appeal. See Case No. A11A0449 (June 13, 2011). Stockton subsequently filed a "Motion to Correct an Illegal Sentence," arguing that it was improper for the court to sentence him separately for armed robbery and theft by taking because the two offenses arose from the same criminal conduct. The trial court denied the motion in March 2022.[1] Stockton then filed this direct appeal. We lack jurisdiction.

> Under OCGA § 17-10-1 (f), a court may correct . . . a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence. A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the

---

[1] The trial court noted that this was the fifth time Stockton had raised the same issue, with the court having ruled on the issue in four previous orders between 2011 and 2018.

sentence is, in fact, void.

*Burg v. State*, 297 Ga. App. 118, 118-119 (676 SE2d 465) (2009) (citations and punctuation omitted).

In his motion to correct an illegal sentence, which was filed outside the time period specified in OCGA § 17-10-1 (f), Stockton does not argue that his sentence exceeded the maximum allowable punishment for his convictions. Rather, he argues that his theft by taking conviction should have merged into his armed robbery conviction as a matter of fact, and the trial court therefore should not have imposed separate consecutive sentences for those crimes. However, this merger argument is a challenge to his conviction, not to his sentence. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). Because Stockton has not raised a colorable void sentence claim, we lack jurisdiction to consider this appeal, which is hereby DISMISSED. See id.; *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___05/11/2022_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.