# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0724. PAUL ENOFURIALU ODIANOSE v. THE STATE.**

Paul Enofurialu Odianose pleaded guilty in 2014 to several charges, including armed robbery. In 2022, he filed a "Motion to Correct Illegal Void Sentence," contending that because the armed robbery charge was dismissed at a probable cause hearing, the sentence imposed for that count was void. The trial court dismissed his motion. We lack jurisdiction.

A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed.  See *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, to the extent Odianose's motion sought to challenge the armed robbery conviction, this appeal must be dismissed. Id. at 194. A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Odianose did not contend that, assuming his conviction was valid, his sentence exceeded the statutory maximum. Instead, he argued that his sentence was invalid because the armed robbery count had previously been dismissed. This is not a colorable void-sentence argument, so his appeal is subject to dismissal. See

*Williams*, 287 Ga at 193. Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
       Clerk's Office, Atlanta,  02/27/2023

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.