# Court of Appeals
# of the State of Georgia

ATLANTA,  January 29, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0746. RANDY CLAY v. THE STATE.**

Randy Clay was convicted of multiple counts of aggravated child molestation and related offenses, and his convictions were affirmed on appeal. See *Clay v. State*, Case No. A15A0766 (July 9, 2015) (affirming convictions but remanding for resentencing because of a merger issue). He subsequently filed a motion to correct a void sentence, claiming that his convictions should be set aside because a witness for the State gave perjured testimony. The trial court denied the motion, and Clay filed this appeal. We, however, lack jurisdiction.

A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). But "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Clay's motion does not allege that his sentence exceeds the maximum allowed by law. Instead, Clay alleges that his convictions were based on perjured testimony and prosecutorial misconduct. These are not valid void-sentence

arguments. Accordingly, Clay's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/29/2024__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*