# Court of Appeals
# of the State of Georgia

ATLANTA,  February 20, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0972.  JUAN FRANCISCO v. THE STATE.**

In 2009, Juan Francisco pleaded guilty to one count of aggravated child molestation and two counts of aggravated sodomy. He was sentenced to life imprisonment. In February 2023, proceeding pro se, Francisco filed a motion for an out-of-time appeal. On February 24, 2023, the trial court dismissed his motion based on the Supreme Court's holding in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022). Thereafter, Francisco filed a motion to vacate, set aside, or correct his sentence. On November 8, 2023, the trial court denied all of Francisco's outstanding motions, including the motion to vacate. On December 5, 2023, Francisco filed this direct appeal, apparently challenging both the November 2023 order denying his motion to vacate, set aside, or correct his sentence and the February 2023 order dismissing his out-of-time appeal. This Court lacks jurisdiction.

First, to the extent that Francisco sought to vacate or modify his convictions, a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case, and any appeal from an order denying such a motion must be dismissed. See *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009).

Second, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as here, a trial court may modify only a void sentence, and an appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that

the sentence is, in fact, void. Id. A sentence is void if the court imposes punishment that the law does not allow, most often because the sentence falls outside the statutory range of punishment. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Francisco's sentence does not fall outside the statutory range of punishment. See OCGA §§ 16-6-2 (b) (2) (2006); 16-6-4 (d) (1) (2009) (providing that the maximum sentences for aggravated sodomy and aggravated child molestation are life imprisonment). Rather, in his motion to vacate, Francisco claimed that the trial court should have merged his convictions for aggravated sodomy. A merger claim is a challenge to his convictions, not his sentence, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010).

Finally, to the extent that Francisco seeks review of the trial court's February 2023 order, in *Cook*, the Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal. *Cook*, 313 Ga. at 506 (5). Pretermitting whether Francisco's December 2024 appeal was timely to the February 2023 order, the trial court correctly determined that it did not have jurisdiction to consider Francisco's motion for an out-of-time appeal, and the court's order dismissing the motion does not present a cognizable basis for an appeal. See id.

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__02/20/2024_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*