# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1117. JEFFERY SAMUELS v. THE STATE.**

In 2021, Jeffery Samuels pled guilty and was convicted of various crimes, including possession of marijuana with intent to distribute, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] In 2024, Samuels filed a motion to correct his illegal sentence, arguing that he pled guilty without receiving a copy of the indictment or discovery from the State, and that his conviction for possession of a firearm during the commission of a felony should have merged with his conviction for possession of a firearm by a convicted felon. The trial court denied the motion, finding that the sentence was proper, and Samuels appealed. We lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

---

[1] In 2022, Samuels filed a motion for leave to file an out of time appeal, which the trial court dismissed; subsequently, this Court dismissed Samuels' appeal of that order. See Case No. A22A1270 (May 11, 2022).

Here, Samuels' motion to correct an illegal sentence does not argue that his sentence exceeded the maximum allowable punishment for his convictions, instead he argues that two counts of conviction should have merged. This merger claim is a challenge to his convictions, not his sentence, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (merger argument constitutes a challenge to conviction). Similarly, Samuels' claim that his counsel was ineffective for failing to obtain discovery or a copy of the indictment does not call into question the validity of his sentence and therefore does not state a valid void-sentence claim. See *von Thomas*, 293 Ga. at 572 (2). Our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, because Samuels has not raised a colorable void-sentence claim and is not authorized to collaterally attack his convictions in this manner, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,___04/17/2024_____*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*