# Court of Appeals
# of the State of Georgia

ATLANTA,  October 31, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0511. BRENTREZ JARMYKUS MCPHERSON v. THE STATE.

In 2013, Brentrez Jarmykus McPherson pled guilty to numerous offenses, including attempted rape. Since then, McPherson has filed multiple actions attempting to collaterally attack his conviction and sentence. See Case No. A17D0541 (denied July 27, 2017); Case No. A18A0111 (dismissed Sept. 19, 2017); and Case No. A22D0417 (dismissed June 20, 2022). In April 2023, McPherson wrote to the trial court purporting to raise a non-amendable defect in the record that renders his conviction void. The trial court treated the letter as a motion, which it dismissed on May 2, 2023. In May 2024, McPherson again wrote the trial court and included an article, which he contends shows he only was charged with burglary.  According to McPherson, the article "cause[d] an [sic] Non-Amendable defect to appear on the face of [the] record[.]" On May 20, 2024, the trial court entered an order, which simply states: "The Court files the attached letter." McPherson filed a notice of appeal on Friday, June 20, 2024, purporting to appeal the May 20 order. We lack jurisdiction for at least two reasons.

First, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Because McPherson's notice of appeal was filed 31 days after entry of the trial court's order, we lack jurisdiction over this appeal. See id.

Second, to the extent that the trial court's order can be construed as a de facto denial of a motion, we reiterate that a post-conviction motion seeking to vacate an allegedly void conviction is not valid procedure in a criminal case, and any appeal from the denial or dismissal of such order must be dismissed. See *Williams v. State*, 287 Ga. 192, 192 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 10/31/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*