# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2025

*The Court of Appeals hereby passes the following order:*

**A24A1288.  RONTAVIOUS TOWNS v. STATE.**

In 2016, Rontavious Towns pled guilty to conspiracy to commit murder and two counts of violation of the Street Gang Terrorism and Prevention Act.  Towns was sentenced to ten years to serve on the first count, ten years to serve consecutive on the second count, and ten years of probation on the third count. In February 2024, Towns filed a pro se motion seeking to vacate his allegedly void sentence. The trial court denied Towns' motion, and he appealed. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). Id.; see *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order rejecting a request to modify a sentence filed

outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

In this case, Towns argues that he should not have been sentenced for being in a leadership role of the gang because there was evidence that a different individual was the leader of the gang. This is a challenge to his conviction, not his sentence, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Consequently, this appeal is hereby DISMISSED for lack of jurisdiction. See id. at 194.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  01/13/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*